## UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF MICHIGAN

United States of America,

       Plaintiff,

v.                                                      Case No. 2:15-cr-20522

                                               18 U.S.C. §2251, 2252A

                                             Hon. Avern Cohn

Matthew David Kuppe,

       Defendant.

_____/

## MOTION FOR BILL OF PARTICULARS

Defendant, Matthew Kuppe ("Kuppe"), by and through his attorneys, Hertz Schram PC, by Walter J. Piszczatowski, requests this Honorable Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, to direct the government to file with the court, and serve upon him, a written bill of particulars setting forth the following limited information:

1.    A description of the visual depictions, or images, underlying each count of the Indictment.

Defense counsel has sought the concurrence and the relief requested from the Assistant United States Attorney and such concurrence has been denied.

Respectfully submitted,
Hertz Schram PC

/s/ Walter J. Piszczatowski
Attorney for Defendant Matthew Kuppe
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000 / fax (248) 335-3346
wallyp@hertzschram.com
(P27158)

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN


United States of America,

     Plaintiff,

v.                       Case No. 2:15-cr-20522
                           18 U.S.C. §2251, 2252A
                           Hon. Avern Cohn

Matthew David Kuppe,

     Defendant.

_____/

**MEMORANDUM IN SUPPORT OF MOTION FOR
BILL OF PARTICULARS**

Defendant, Matthew Kuppe ("Kuppe"), is charged in Counts 1, 2 and 3 of the Indictment with production of child pornography, contrary to 18 U.S.C. §2251(a).  In each, it is alleged that the defendant "did employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for purposes of producing any visual depiction of such conduct . . ." Each count refers to a different "minor victim."  It is the government's contention that the defendant took numerous photographs of the minor victims in a locker room setting.

In Count 4, he is charged with distribution of child pornography, contrary to 18 U.S.C. §2252A(a)(2). Although not specifically stated, it is Defendant's understanding that in Count 4 he is charged with distribution of some, or all of the

images underlying the production charges alleged in Counts 1, 2 and 3. The date of the alleged offense is August 6 and 7, 2015.

In Count 5, Defendant is charged with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2).  Count 5 is alleged to have occurred "from 2012 to on or about August 12, 2015."  While defense counsel has had been shown images allegedly seized from defendant's email accounts, emails and/or electronic digital devices, it is unclear as to what specific images underlie this count. Defense counsel is not expecting the government to give a detailed description of every individual image (assuming there are more than one) but to give some general description of the device, account or other source of the image(s), or alternatively, a general description of the images.

The same request applies to Count 6 in which defendant is charged with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant does not know whether the government is relying on the images underlying Counts 1-4 in support of counts 5 and/or 6 as well, or whether Counts 5 and 6 are based on different images altogether, and whether the same images underlie both counts. Without further elucidation as to what images the government predicates each count on, Defendant is unable to discern whether the charges present duplicity or double jeopardy issues.

{H0304904.2}                                    2

The Supreme Court has instructed that an indictment satisfies constitutional requirements "if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense". *Hamling v. U.S.*, 418 U.S. 87, 41 L.Ed. 2d 590 (1974); *United States v. Sterman*, 951 F.2d 1466, 1478-79 (6th Cir. 1991), cert den'd 504 U.S. 985, 119 L.Ed.2d 586 (1992). To be legally sufficient, the Indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Superior Growers Supply Inc*., 982 F.2d 173, 177 (6th Cir. 1992).

If the instant indictment is sufficient as to each of the charged counts, it is barely so. Nevertheless, the fact that an indictment is sufficient is no defense to a bill of particulars. *United States v. Debrow*, 346 U.S. 374, 98 L.Ed. 92 (1953). The underlying purpose of Rule 7(f) of the Federal Rules of Criminal Procedure is not to cure defects in the government's pleading, and a bill of particulars cannot remedy an otherwise invalid indictment. *United States v. Sturman, supra* at 1479. Rather, a bill of particulars is a tool to minimize surprise at the time of trial, to assist the defendant in obtaining information needed to prepare a defense, and to preclude a second prosecution for the same crime, when the indictment itself is too vague and indefinite for such purposes. *United States v. Salisbury*, 983 F.2d 1369,

1375 (6th Cir. 1993); *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). It is well settled law that "where an indictment fails to set forth the specific facts in support of the requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).

This motion is in accord with these principles and goals. The request is singular and narrowly tailored to obtain the most basic information relative to the charge; i.e., to determine what pornographic images the government claims he produced, distributed, received or possessed and what images support each count of the Indictment.

Respectfully submitted,

Hertz Schram PC

/s/ Walter J. Piszczatowski
Attorney for Defendant Matthew Kuppe
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000 / fax (248) 335-3346
wallyp@hertzschram.com
(P27158)

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2016, I electronically filed the foregoing Motion and Memorandum in Support of Motion for Bill of Particulars with the clerk of the court using the ECF system which will send notification of such filing to the ECF participants.

Respectfully submitted,

Hertz Schram PC

/s/ Walter J. Piszczatowski
Attorney for Defendant Matthew Kuppe
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000 / fax (248) 335-3346
wallyp@hertzschram.com
(P27158)