UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

United States of America,

     Plaintiff,

v.                        Case No. 2:15-cr-20522
                              18 U.S.C. §2251, 2252A

Matthew David Kuppe,          Hon. Avern Cohn

     Defendant.

_____/

**MOTION FOR NOTICE OF EXPERT WITNESSES PURSUANT
TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(a)(1)(G)**

Defendant, Matthew Kuppe, through his attorneys, Hertz Schram PC, by Walter J. Piszczatowski, moves this Honorable Court for entry of an order directing the government to provide notice of expert witnesses pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) 60 days prior to trial. The facts and law in support of this motion are more fully set forth in the attached Memorandum.

Defense counsel has sought the concurrence and the relief requested from the Assistant United States Attorney and such concurrence has been denied.

                    Respectfully submitted,

                    Hertz Schram PC

                    /s/ Walter J. Piszczatowski (P27158)
                    Attorney for Defendant Matthew Kuppe
                    1760 S. Telegraph Rd., Ste. 300
                    Bloomfield Hills, MI 48302-0183
                    (248) 335-5000 / fax (248) 335-3346
                    wallyp@hertzschram.com

{H0308665.1}

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

United States of America,

      Plaintiff,

v.                             Case No. 2:15-cr-20522
                                       18 U.S.C. §2251, 2252A
                                       Hon. Avern Cohn

Matthew David Kuppe,

      Defendant.

_____/

**MEMORANDUM IN SUPPORT OF MOTION FOR NOTICE OF EXPERT WITNESSES PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(a)(1)(G)**

Defendant, Matthew Kuppe ("Kuppe"), was initially charged by way of Criminal Complaint filed on August 13, 2015. An Indictment was returned by the Grand Jury on August 20, 2015. On September 17, 2015 Kuppe submitted a formal request for discovery pursuant to Federal Rule of Criminal Procedure ("Fed.R.Cr.P.") 16 including specifically a request for written summary of any testimony the government intends to use from expert witnesses, including but not limited to the witnesses opinions and the basis and reasons for those opinions along with the witnesses qualifications.

To date, the government has not indicated whether or not it intends on calling expert witnesses in the trial of this case and, if so, the nature and summary of the anticipated testimony.

{H0308665.1}

"At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence ("FRE") during its case-in-chief at trial." Fed.R.Cr.P. 16(a)(1)(G). "The summary…must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* The Advisory Committee Note to the 1993 amendment states that the required production under Rule 16 is intended to be comprehensive and "should cover not only written and oral reports, tests, and investigations, but any information that might be recognized as a legitimate basis for an opinion under FRE 703, including opinions of other experts." *See, e.g., United States v. Cerna*, 2010 WL 2347406*1 (N.D. Cal. 2010) (unpublished) ("[T]he bases and reasons must be sufficient to allow counsel to frame a *Daubert* motion (or other motion in limine), to prepare for cross-examination, and to allow a possible counter-expert to meet the purport of the case-in-chief testimony").

In this case, Kuppe is requesting expert witness disclosures sixty (60) days before trial to enable him to adequately evaluate any proposed expert testimony for any issues that may give rise to an appropriate motion, to prepare for cross-examination, and to retain defense experts as necessary.

F.R.Cr.P. 16(a)(1)(G) does not set a deadline for expert witness disclosures. To the extent the government intends to elicit any expert testimony at trial, Kuppe

is entitled to the notice set forth in the Rule.  Ultimately, the purpose of this motion is to avoid this court having to determine whether the government's disclosure was sufficiently timely under the rule.

Wherefore, Kuppe respectfully requests this Court to require the government to provide notice of any expert witnesses it anticipates calling at trial as required by Fed.R.Cr.P. 16(a)(1)(G) no later than sixty (60) days prior to trial.

Respectfully submitted,

Hertz Schram PC

/s/ Walter J. Piszczatowski
Attorney for Defendant Matthew Kuppe
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000 / fax (248) 335-3346
wallyp@hertzschram.com
(P27158)

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2016, I electronically filed the foregoing Motion and Memorandum in Support of Motion for Notice of Expert Witnesses Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) with the clerk of the court using the ECF system which will send notification of such filing to the ECF participants.

Respectfully submitted,

Hertz Schram PC

/s/ Walter J. Piszczatowski
Attorney for Defendant Matthew Kuppe
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000 / fax (248) 335-3346
wallyp@hertzschram.com
(P27158)