UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN


United States of America,

     Plaintiff,

v.                            Case No. 2:15-cr-20522
                                    18 U.S.C. §2251, 2252A
                                    Hon. Avern Cohn


Matthew David Kuppe,

     Defendant.

_____/


## MOTION TO DISMISS COUNTS 1 THROUGH 4 OF THE INDICTMENT


     Defendant, Matthew Kuppe, through his attorneys, Hertz Schram PC, by Walter J. Piszczatowski, moves this Honorable Court to dismiss Counts 1 – 4 of the Indictment for the reason that the visual depictions underlying each count do not constitute "child pornography."

     The facts and law in support of this motion are more fully set forth in the attached memorandum.

{H0304004.1}

Defense counsel has sought the concurrence and the relief requested from the Assistant United States Attorney and such concurrence has been denied.

Respectfully submitted,

Hertz Schram PC

/s/ Walter J. Piszczatowski
Attorney for Defendant Matthew Kuppe
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000 / fax (248) 335-3346
wallyp@hertzschram.com
(P27158)

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

United States of America,

     Plaintiff,

v.                                Case No. 2:15-cr-20522
                                     18 U.S.C. §2251, 2252A
                                   Hon. Avern Cohn

Matthew David Kuppe,

     Defendant.

_____/

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
COUNTS 1 THROUGH 4 OF THE INDICTMENT**

In Counts 1, 2 and 3 of the Indictment, defendant, Matthew Kuppe ("Kuppe") is charged with Production of Child Pornography, in violation of 18 U.S.C. §2251(a).  In each count, it is alleged that Kuppe employed, used, persuaded, induced and enticed a minor victim "to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" knowing that the depiction would be transported in interstate commerce.

In Count 4 of the Indictment, Defendant Matthew Kuppe ("Kuppe") is charged with Distribution of Child Pornography in violation of 18 U.S.C.

{H0304004.1}

§2252(A)(2).  It is alleged that, on August 7, 2015, Kuppe, "knowingly distributed child pornography as defined in 18 U.S.C. §2256(8)(A)."  18 U.S.C. §2256(8)(A) defines "child pornography" as "any visual depiction . . . of sexually explicit conduct, where -- (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."

Thus, an element common to all four counts is, either the production or distribution of, the visual depiction of a minor "engaged in sexually explicit conduct."  Kuppe submits, however, that the images underlying Counts 1 through 4 do not, as a matter of law, constitute "sexually explicit conduct" sufficient to support the charges.

Federal Rule of Criminal Procedure ("Fed.R.Cr.P.") 12 provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed.R.Cr.P. 12(b)(2). The rule "encourage[s] district courts to entertain and dispose of pretrial criminal motions before trial if they are capable of determination without trial of the general issues." *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992). "Generally, motions are capable of determination before trial if they raise questions of law rather than fact." *U.S. v. Jones,* 542 F.2d 661, 664 (6th Cir. 1976); *U.S. v Winddancer*, 435 F. Supp. 2d 687, 691 (M.D. Tenn. 2006)  As the United States Court of Appeals for the Sixth Circuit explained in *United States v. Levin:*

> Rule 12 of the Federal Rules of Criminal Procedure and its component
> parts encourage district courts to entertain and dispose of pretrial
> criminal motions before trial if they are capable of determination
> without trial of the general issues.  Moreover, district courts may
> make preliminary findings of fact necessary to decide questions of law
> presented by pretrial motions so long as the trial court's conclusions
> do not invade the province of the ultimate finder of fact.

973 F.2d 463, 469.

In *Levin*, the Sixth Circuit determined that "the district court concluded from undisputed extrinsic evidence that a Fed.R.Cr.P. 12(b) pretrial motion to dismiss the indictment was well-taken because the government was, as a matter of law, incapable of proving beyond a reasonable doubt the intent required to convict the appellees of the controversial counts of the indictment which were dismissed with prejudice." 973 F.2d 463, 470 (6th Cir. 1992). The court held that disposition of the case upon a pretrial motion was appropriate because the motion raised "a legal issue, namely the ability of the government to prove intent which was an integral element of [the statute charged] . . . after the trial court had considered undisputed extrinsic evidence." Id.

Similarly, in *Jones, supra,* the Sixth Circuit held that the district court properly decided the defendant's motion to dismiss the indictment "because [the motion] raised the legal question of whether [the statute at issue] was intended to apply to interspousal wiretaps" and the facts relating to the issue were "virtually undisputed[.]" *Jones* at 655.

Resolution of a pretrial motion to dismiss the indictment for failure to state an offense is appropriate when the "facts surrounding the alleged offense [are] virtually undisputed and trial of the substantive charges would not substantially assist the court in deciding the legal issue raised by the motion to dismiss the indictment." *Id.* at 665.   Where the factual information underpinning the indictment is not in dispute and the only question is a legal one, motions to dismiss an Indictment may be ruled upon as a matter of law.  *See, United States v. Ali,* 557 F.3d 715, 719-29 (6th Cir. 2009) (the Court may rule on a motion to dismiss where defendant's motion pleads that undisputed facts did not give rise to the offense charged in the Indictment, or whether the Indictment, based on such undisputed facts failed to state an offense); *United States v. Flores,* 404 F.3d 320 (5th Cir. 2005).

Here, the critical facts are undisputed.  The government has certain images that it will offer to support the charges in Counts 1 – 4.  Colloquially speaking, the images "are what they are."  It is Defendant's contention that they simply do not meet the statutory definition of "sexually explicit conduct."

There is a legal distinction between prohibited child pornography and images that are sometimes referred to as "child erotica," defined as "materials that depict 'young girls [or boys] as sexual objects or in a sexually suggestive way,' but [is] not 'sufficiently lascivious to meet the legal definition of sexually explicit

conduct' under 18 U.S.C. § 2256." *United States v. Vosburgh*, 602 F.3d 512, 520 (3rd Cir. 2010) (citing *United States v. Gourde*, 440 F.3d 1065, 1068 (9th Cir. 2006)) en banc (citing FBI Affidavit describing child erotica as "images that are not themselves child pornography but still fuel ... sexual fantasies involving children"))

It is worth noting that the affidavit submitted by Department of Homeland Security Special Agent Chechi in support of a request for search warrants for email accounts used by defendant, states, with respect to the images underlying Counts 1 - 4, "it is your affiant's opinion that *many* of the images taken by Kuppe and posted on Website A constitute child pornography." (See ¶13, Affidavit in Support of Applications for Search Warrant in the Matter of: The Search of Information Associated with jcclockerroom@gmail.com.) This allegation only begs the question, what then of the remaining images? Do those images, that the case agent does not even consider child pornography, serve as the basis for Count 1, Count 2, Count 3, and Count 4?

Federal law defines five categories of "sexually explicit conduct" with respect to child pornography. See 18 U.S.C. §2256(2)(A). The first four categories, (i) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) Bestiality; (iii) Masturbation; and (iv) Sadistic or masochistic abuse, involve

conduct that is "clearly defined and easily recognized."  See *United States v. Jasorka*, 153 F.3d 58, 60 (2nd Cir. 1998).  The fifth category, (v) lascivious exhibition of the genitals, the category of images at issue here, is not so readily identified.  This category of images turns on the meaning of "lascivious."  It is far more subjective and open to interpretation than the first four.  See *United States v. Brunette*, 256 F.3d 14, 18 (1st Cir. 2001) ("the identification of images that are lascivious will almost always involve, to some degree, a subjective and conclusory determination on the part of the viewer.")

The meaning of the statutory phrase "lascivious exhibition" "poses a pure question of law."  *United States v. Knox*, 32 F.3d 733, 744 (3rd Cir. 1994).  Yet, there is some disagreement whether the question of whether the specific image constituting a "lascivious exhibition" of the genitals or pubic area is one of law or fact.  Compare *United States v. Amirault*, 173 F.3d 28, 32 (1st Cir. 1999) (reviewing the issue as a matter of law *de novo*) with *United States v. Overton*, 573 F.3d 679, 688 (9th Cir. 2009) (holding that whether the images are lascivious is a question of fact reviewed for clear error).  Under these circumstances, it is proper and prudent for the court to conduct its own review of the images underlying each of the counts to determine whether or not they constitute a "lascivious" exhibition sufficient to support the claims brought in this Indictment.

Congress did not define the term "lascivious" with regard to child pornography. *United States v. Brown¸* 579 F.3d 672, 680 (6th Cir. 2009). In an effort to define "lasciviousness," the district court in *United States v. Dost,* 636 F.Supp. 828,832 (S.D. Cal. 1986) developed six factors to consider when evaluating whether an image meets the definition of lascivious for purposes of determining that the image is child pornography. Those factors are:

    (1)    Whether the genitals or pubic area are the focal point of the image;

    (2)    Whether the setting of the image is sexually suggestive (i.e., a location generally associated with sexual activity);

    (3)    Whether the child is depicted in an unnatural pose or inappropriate attire considering her age;

    (4)    Whether the child is fully or partially clothed, or nude;

    (5)    Whether the image suggests sexual coyness or willingness to engage in sexual activity; and

    (6)    Whether the image is intended or designed to elicit a sexual response in the viewer.

The *Dost* factors are problematic. *United States v. Batchu*, 724 F.3d 1, 9 (1st Cir. Mass 2013). They are not "the equivalent of" nor do they "establish the limits of, the statutory term 'lascivious,'" *United States v. Frabizio*, 459 F.3d 80 (1st Cir. 2006) and they are not the only factors that may be considered. An image does not have to meet all six factors in order to be deemed lascivious. See, *Brown* at 680. In *Frabizio*, the court noted that *Dost* has "fostered myriad disputes that have led

courts far afield from the statutory language," including disputes about what specific factors mean and how many factors must apply to qualify an image as "lascivious." *Id*. at 88-89. "The term 'lascivious' is not self defining," and thus "jurors (and judges) need neutral references and considerations to avoid decisions based on individual values or the revulsion potentially raised in a child pornography prosecution" based on lascivious depictions of minors. United States v. Rivera, 546 F.3d 245, 252 (2d Cir. 2008). Indeed, even the factors frequently used to analyze lasciviousness--the Dost factors --have "provoked misgivings." Rivera, 546 F.3d at 250-53 (outlining the criticism of, and declining to answer the question, whether the Dost factors should control every child pornography case).

As a consequence of the interpretive ambiguity inherent in the term "lascivious" many courts have held that, in the probable cause context, a magistrate may not issue a search warrant based solely on law enforcement's conclusion that the target of the warrant is in possession of "lascivious" photographs or videos.  See *United States v. Battershell*, 457 F.3d 1048, 1051 (9th Cir. 2006); *United States v. Syphers*, 426 F.3d 461, 465-66 (1st Cir. 2005).  The problem is that identifying images as child pornography under the "lascivious exhibition" standard "will almost always involve, to some degree, a subjective and conclusory determination on the part of the viewer."  As such, these courts find that "inherent subjectivity is precisely why the determination should be made by a

judge, not the affiant." *United States v. Brunette*, 256 F.3d 14, 18 (1st Cir. 2001).

The same is true here. The statutory phrase "lascivious exhibition" is far from settled. The *Dost* factors were judicially created to provide some guidance, but they are not exclusive or determinative.

The pictures at issue all appear to have been surreptitiously taken, without the subject's knowledge. All are in a restroom or locker room setting in which there is activity in the background, which is consistent with what one would expect in such a setting. While one subject is unclothed in some of the pictures, the statute requires more than mere nudity, because the phrase "exhibition of the genitals or pubic area" is qualified by the word lascivious. *See United States v. Villard*, 885 F.2d 117, 124 (3rd Cir. 1989). When viewed objectively as is required, none of the subjects are posed; none are postured in a sexually provocative manner; none of the images suggest sexual coyness or a willingness to engage in sexual activity.

Kuppe should not be required to proceed to trial and be exposed to a series of 15 year mandatory minimum offenses for producing images that do not meet the statutory definition of a "sexually explicit conduct." Accordingly, Defendant requests the Court to conduct an in-camera review of the images the government intends to offer in support of Counts 1, 2, 3, and 4 to determine, as a matter of law,

that the images do not constitute child pornography. Defendant further requests the

Court to enter an order dismissing Counts 1, through 4 of the Indictment.

Respectfully submitted,

Hertz Schram PC

/s/ Walter J. Piszczatowski
Attorney for Defendant Matthew Kuppe
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000 / fax (248) 335-3346
wallyp@hertzschram.com
(P27158)

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2016, I electronically filed the foregoing
Motion and Memorandum in Support of Motion to Dismiss Counts 1, 2, 3, and 4
with the clerk of the court using the ECF system which will send notification of
such filing to the ECF participants.

Respectfully submitted,

Hertz Schram PC

/s/ Walter J. Piszczatowski (P27158)
Attorney for Defendant Matthew Kuppe
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000 / fax (248) 335-3346
wallyp@hertzschram.com